FIELDCREST DAIRIES, Inc., v. CITY OF CHICAGO et al.

No. 316.

District Court, N. D. Illinois, E. D.

Oct. 18, 1940.

Gariepy & Gariepy, of Chicago, Ill. (Frederick A. Gariepy and Victor P. Frank, both of Chicago, Ill., of counsel), for plaintiff.

Barnet Hodes, Corp. Counsel of City of Chicago, and Walter V. Schaefer and Charles P. Horan, Asst. Corp. Counsel, all of Chicago, Ill., for defendants.

WOODWARD, District Judge.

The argument of the exceptions to the master's report has taken a wide range. But this lawsuit, like many other lawsuits, resolves itself into very simple elements.

The great preponderance of the evidence is to the effect that the milk containers of the plaintiff—referred to as single service containers—contain no new or unusual health hazard. The evidence shows that they are safe and sanitary containers in which milk may be delivered. The uncontradicted evidence shows also that containers and receptacles less meritorious in structure and design from those of plaintiff are in daily use in the City of Chicago for the sale of milk, chocolate milk, ice cream, and other liquids by drug stores, hotels, restaurants and soda fountains. Paper containers are also in common use for cheese, cottage cheese, butter, meat, fruit, foods, drinks and other edibles. The dispensing of such articles—including milk and milk products—in paper containers is not, as shown by the evidence, deemed to create any hazard to the public health. Moreover, in the cities and villages where similar containers have been used over a substantial period, no epidemic, disease or any public health hazard has been created or suspected as being traced to the use of paper containers. In fact, so far as the evidence shows, no individual instance of serious disease or minor ailment has been traced to the use of paper containers. The results of practical experience are more persuasive than the opposing theories of experts.

The court finds that the single service containers of the plaintiff, offered and admitted in evidence in this case, conform with the sanitary and health requirements of the city ordinances of the City of Chicago.

The Chicago city ordinance provides that milk and milk products, when sold in quantities of less than one gallon, shall be delivered in "standard milk bottles."

The court has no difficulty in holding that plaintiff's single service container offered and admitted in evidence in this case is a "milk bottle" within the meaning of the ordinance. The definition of the word "bottle" given by practically all lexicographers, as well as the meaning of the word as used in common speech, shows that the word has no limited and restricted meaning. It is a word of broad and extensive connotation. Webster's New International Dictionary states, among other things, that the word "bottle is now so loosely used that its limit of application is not well-defined."

There is no requirement either in common speech, or by the dictionary definitions, that a bottle should be made of glass. Historically, in ancient times and in our times in certain parts of Southern Europe, as we are told by the Encyclopedia Brittanica, bottles made of skins were and are now used for containing and transporting liquids. While, in modern times, bottles have usually been made of glass, yet of the material out of which bottles have been made may be mentioned, besides glass and skins, hard stone, wood, ivory, bone, porcelain, glazed pottery and common earthenware. In fact, a bottle is not characterized by the material out of which it is made. Whether made of skins or glass or other hard substance a bottle must have certain characteristics. It must be an open mouthed ves-

sel; it must have a neck with an aperture which may be closed with a plug, string or a stopper; and it must be capable of containing liquids. The master has described plaintiff's single service container as follows: "Plaintiff's container is a prismatic box about 6½ inches high and 4½ inches wide, with a gable top, made of paper and paraffined on the inside and outside. In the middle of one of the slanting surfaces of the gable top is a so-called pouring lip which is about an inch square and which is pulled out like an ear when milk is poured out of the container."

Plaintiff's single service container, as described by the master, has all the characteristics of a "milk bottle", and, as indicated, the court holds that it is a "milk bottle" within the meaning of the ordinance.

■ Having found that plaintiff's single service container is a "milk bottle" within the meaning of the ordinance, the next inquiry is, Is it a "standard milk bottle"?

The ordinance contains no definition of the word "standard." No reference is made in the ordinance to any statute, other ordinance or official regulation by which the meaning of the word may be ascertained.

In the absence of official prescription, resort must first be had to the meaning of the word as given by lexicographers. One meaning given to the word by all lexicographers is that which is "set up and established by authority as a rule for the measure of quantity, weight, extent, value or quality." Webster's New International Dictionary.

It also has the significance of "an accepted or established rule or model." Webster's New International Dictionary. Funk & Wagnall's New Standard Dictionary defines "standard" as "having the accuracy or authority of a standard; serving as a gauge, test, guide or model."

A "standard", therefore, may be said to be a type or model accepted as correct.

A standard, if not prescribed by statute or ordinance, would be a type, model or criterion recognized and approved by the class of persons engaged in the particular industry or business under consideration. The industry here under consideration is the milk industry—the delivery of milk for human consumption. If, in any given industry or business, the court is called upon to declare whether a certain article is a standard article in that industry or business, resort must be had to what is recognized in such industry or business as a correct and accepted type, model or criterion. The word "standard", as used in the ordinance, must be construed with reference to what articles are accepted in the milk industry as correct and proper containers.

■ It is perfectly proper, therefore, in construing the word "standard", as used in the ordinance, to consider what is recognized as a "standard milk bottle" in the milk industry, by boards of health, by state statutes and by the United States Public Health Service. In construing the word, the court is not confined to any local construction which may be given by the local board of health in construing its own ordinance, but may resort to the custom, type or model which is recognized generally in the industry. In other words, the country-wide standard is the one to be determined and applied. The ordinance is not static. The words are general and continuing in their operation. The ordinance must be construed in the light of new and changing conditions and current thought and practice. If, in the course of time, the advancement of science has produced a container which serves the same purpose as a glass container, and if the product delivered therein conforms to the requirements of sanitation prescribed by the health ordinances, then the ordinance must be given such construction as to permit the use of the later developed scientific container.

The record contains much evidence as to the use of the paper containers in New York City, Philadelphia, Boston, Detroit, Cleveland, San Francisco and 480 other cities and villages, including many cities and villages and municipalities in Cook, Lake and DuPage counties, Illinois. In these cities and municipalities the use of the paper container for the delivery of milk is recognized by ordinance, custom, usage and common acceptance as being a standard article in which milk may be delivered. Besides, under the statutes of the State of Illinois, Ill.Rev.Stat.1939, Ch. 56½, par. 129, single service paper containers are recognized as proper and safe receptacles for the delivery of milk in the State of Illinois. The United States Public Health Service also has recommended a model ordinance for adoption for the City of Chicago which expressly permits the use of paper containers.

■ The court holds that plaintiff's single service paper containers, as of-

454

fered and admitted in evidence, are "standard milk bottles" within the meaning of the ordinance.

The ordinance thus construed has no constitutional infirmity.

■ Any other construction would render the ordinance void. Moreover, the court is of opinion that under the recent statute of Illinois, heretofore referred to, the city is without power to prohibit the use of single service containers if such containers conform with the provisions of the statute.

The court will enter a declaratory judgment in accordance with the prayer of the complaint finding that plaintiff's single service containers are in conformity with the ordinance and enjoining the defendant from interfering with plaintiff in the sale and delivery of milk and milk products in single service containers.

A formal order on exceptions to the master's report, findings of fact and conclusions of law, and a decree in conformity with this recommendation may be tendered after notice.